# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMID PAGHMANI,<br><br>                            Petitioner,<br>v.<br>THE PEOPLE OF CALIFORNIA,<br><br>                            Respondent. | Civil No.  16cv1550-GPC (JLB)<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE** |

On June 10, 2016, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), in the District Court for the Central District of California. (ECF No. 1.) Because Petitioner is challenging a conviction from the San Diego County Superior Court, the Petition was transferred to this Court. (ECF No. 3.) The Petition is subject to dismissal without prejudice because Petitioner has not satisfied the filing fee requirement, has not named a proper Respondent, and has not used a court-approved petition form.

### REQUEST TO PROCEED IN FORMA PAUPERIS

The request to proceed in forma pauperis is **DENIED** because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status. A request to proceed in forma pauperis made by a state prisoner must include a certificate

from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner has failed to provide the Court with the required Prison Certificate.

**FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." Id. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

Here, Petitioner has named "People of California" as Respondent. A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state

correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections and Rehabilitation. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## FAILURE TO USE PROPER FORM

Additionally, a Petition for a Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. See Rule 2(d), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Id.; S. D. CAL. CIVLR HC.2(b). Presently, Petitioner has submitted an application for writ of habeas corpus on a non-approved form.

## CONCLUSION AND ORDER

Accordingly, the Court **DENIES** the request to proceed in forma pauperis, and **DISMISSES** the case without prejudice. To have the case reopened, Petitioner must, **no later than August 22, 2016**, provide the Court with: (1) a copy of this Order together with the $5.00 filing fee; or (2) a copy of this Order together with adequate proof that Petitioner cannot pay the $5.00 filing fee, **and** a First Amended Petition which corrects the defects of pleading identified in this Order. The Clerk of Court shall send Petitioner a blank Southern District of California in forma pauperis application and a blank Southern District of California amended petition form along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: August 14, 2016

HON. GONZALO P. CURIEL
United States District Judge